David J. McGlothlin, Esq. (SBN: 026059)
David@westcoastlitigation.com
**HYDE & SWIGART**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone:   (602) 265-3332
Facsimile:   (602) 230-4482

Attorneys for Plaintiff
Sherrell D. Mosley

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Sherrell D. Mosley, individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CMRE Financial Services, Inc.<br><br>Defendant. | Case No: _____<br><br>**[Class Action]**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.   Sherrell D. Mosley ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of CMRE Financial Services, Inc. ("CMRE" or "Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C.

§ 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2.   The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.   In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.
   Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.   The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example,

HYDE & SWIGART
Phoenix, Arizona

1    computerized calls dispatched to private homes – prompted Congress to pass

2    the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3    5.    Congress also specifically found that "the evidence presented to the Congress

4          indicates that automated or prerecorded calls are a nuisance and an invasion

5          of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also*, *Mims*,

6          132 S. Ct. at 744.

7    6.    As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA

8          case regarding calls similar to this one:

9

10                  The Telephone Consumer Protection Act … is well known for
                    its provisions limiting junk-fax transmissions. A less-litigated
11                  part of the Act curtails the use of automated dialers and
                    prerecorded messages to cell phones, whose subscribers often
12                  are billed by the minute as soon as the call is answered—and
                    routing a call to voicemail counts as answering the call. An
13                  automated call to a landline phone can be an annoyance; an
                    automated call to a cell phone adds expense to annoyance.
14

15

16      *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

17   7.    The Ninth Circuit recently affirmed certification of a TCPA class action

18         remarkably similar to this one in *Meyer v. Portfolio Recovery Associates,*

19         *LLC*, __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

20                              **JURISDICTION AND VENUE**

21   8.    This Court has federal question jurisdiction because this case arises out of

22         violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*,

23         132 S. Ct. 740 (2012).

24   9.    Venue is proper in the United States District Court for the District of Arizona

25         pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in this judicial

26         district, the harm to Plaintiff occurred in this judicial district, and Defendant is

27         subject to personal jurisdiction in the County of Maricopa, State of Arizona

28         because it conducts business there.

HYDE & SWIGART
Phoenix, Arizona

**PARTIES**

10. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the City of Phoenix, County of Maricopa, State of Arizona.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is located in the City of Brea, County of Orange, in the State of California but is licensed under the laws of the State of Arizona to collect debts from Arizona consumers.

**FACTUAL ALLEGATIONS**

12. At all times relevant, Plaintiff was a citizen of the State of Arizona.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

13. CMRE is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

14. At all times relevant, CMRE conducted business in the State of Arizona and in the County of Maricopa, within this judicial district.

15. On or about August 23, 2012 at approximately 12:55 p.m., Defendant contacted Plaintiff on Plaintiff's cellular telephone number via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

16. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. The artificial or prerecorded voice call was directed to Plaintiff by name regarding an alleged debt.

18. The collection call from Defendant's telephone number (888) 760-1382 to Plaintiff's cellular telephone number ending in 3325 was unsolicited by Plaintiff and without Plaintiff's permission or consent.

HYDE & SWIGART
Phoenix, Arizona

19. Plaintiff never provided permission nor consent for Defendant nor the original creditor of the alleged debt to call Plaintiff on her cellular telephone number.

20. During each call with Defendant, Plaintiff clearly revoked any consent for Defendant to continue calling her cell phone ending in 3325.

21. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Plaintiff did not provide CMRE or its agent(s) prior express consent to receive the call on or about August 23, 2013 to her cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

24. The telephone call by CMRE, or its agent(s), violated 47 U.S.C. § 227(b)(1).

25. CMRE made additional collection calls from telephone number (888) 760-1382 to Plaintiff's cellular telephone number ending in 3325. These calls were also unsolicited by Plaintiff and without Plaintiff's permission or consent.

26. Throughout the months of August 2013 through September 2013, several times, including but not limited to: September 3, 2013 at 12:10 p.m., September 7, 2013 at 10:28 a.m., September 12, 2013 at 12:56 p.m., and September 25, 2013 at 9:40 a.m., Defendant continued contacting Plaintiff on Plaintiff's cellular telephone number via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

27. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

28. These April 2013 telephone calls by CMRE, or its agent(s), violated 47 U.S.C. § 227(b)(1).

**CLASS ACTION ALLEGATIONS**

29.  Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

30.  Plaintiff represents, and is a member of the Class, consisting of: All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, which call was not made for emergency purposes or with the recipient's prior express consent, within the four years prior to the filing of the Complaint.

31.  Defendant and its employees or agents are excluded from the Class.  Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

32.  Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using artificial or prerecorded voice messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

33.  This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of

HYDE & SWIGART
Phoenix, Arizona

1   additional persons as warranted as facts are learned in further investigation

2   and discovery.

3   34.   The joinder of the Class members is impractical and the disposition of their

4         claims in the Class action will provide substantial benefits both to the parties

5         and to the court. The Class can be identified through Defendant's records and/

6         or Defendant's agents' records.

7   35.   There is a well-defined community of interest in the questions of law and fact

8         involved affecting the parties to be represented. The questions of law and fact

9         to the Class predominate over questions which may affect individual Class

10        members, including but not necessarily limited to the following:

11        a) Whether, within the four years prior to the filing of the Complaint,

12           Defendant or its agents sent any unsolicited artificial or prerecorded voice

13           message/s to the Class (other than a message made for emergency

14           purposes or made with the prior express consent of the called party) using

15           any automatic dialing system to any telephone number assigned to a

16           cellular telephone service;

17        b) Whether Plaintiff and the Class members were damaged thereby, and the

18           extent of damages for such violation; and

19        c) Whether Defendant and its agents should be enjoined from engaging in

20           such conduct in the future.

21  36.   As a person who received at least one artificial or prerecorded voice message

22        utilizing an ATDS without Plaintiff's prior express consent, Plaintiff is

23        asserting claims that are typical of the Class.    Plaintiff will fairly and

24        adequately represent and protect the interests of the Class in that Plaintiff has

25        no interests antagonistic to any member of the Class.

26  37.   Plaintiff and the members of the Class have all suffered irreparable harm as a

27        result of the Defendant's unlawful and wrongful conduct. Absent a class

28        action, the Class will continue to face the potential for irreparable harm.   In

HYDE & SWIGART
Phoenix, Arizona

addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

38.   Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

39.   A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law.   The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.   Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

40.   Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. 227

41.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.   The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

43.   As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44.  Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL OF THE**

**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

**47 U.S.C. 227**

45.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.  The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

47.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

48.  Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**

**THE TCPA, 47 U.S.C. § 227 ET SEQ.**

•  As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

49.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: October 3, 2013

By: _/s/ David J. McGlothlin_
David J. McGlothlin
Attorneys for Plaintiff

HYDE & SWIGART
Phoenix, Arizona